IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RUDOLPH DARIO GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case Nos.   CV-05-290-E-BLW |
| | ) | CR-03-19-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-05-290-E-BLW).

Because the Motion was filed over a year beyond the date the judgment became

final, the Court entered an Order (Docket No. 3) directing the Government to

respond to the statute of limitations issue and giving Defendant an opportunity to

file a reply to the Government's response.  In that Order, the Court also dismissed

Defendant's *Booker* claim.

## STATUE OF LIMITATIONS

Defendant alleged in his § 2255 Motion that he had been unable to timely

file his Motion because the Bureau of Prisons (1) failed to provide him with pen,

**Memorandum Decision and Order - 1**

paper, legal reference materials, and law books at both the Federal Detention Center and the Federal Correctional Institution at Sheridan, Oregon, from the onset of his incarceration until June 28, 2005; and (2) took all of his court documents and disposed of them requiring several months to reassemble the necessary information for filing the § 2255 Motion.

The Government, in response to those allegations, consulted with Mr. Roger Hawkes, Defendant's correctional counselor at the Federal Correctional Institution. According to Mr. Hawkes, Defendant entered the facility on June 23, 2004 and was in general housing except for April 26 to May 2, 2005 when he was in a Special Housing Unit. *Govt's Aff*. ¶ 2 (Docket No. 5). Mr. Hawkes stated that Defendant had full access to pen, paper, typewriters, and legal reference materials as well as the ability to send and receive legal mail while in general housing. *Id.*, ¶ 3. He also had limited access to those items while in special housing. *Id.* Furthermore, Mr. Hawkes stated that Defendant never complained about lack of access to those materials or about having his legal documents taken from him. *Id.* ¶ 4.

Defendant thereafter filed a reply supported by his and two other inmates' affidavits stating that officials at the correctional facility at Sheridan have engaged in a "delebrate(sic) course of illegal conduct in which they seize and destroy prisoner legal documents, all correspondence with the courts, and any and all legal

reference materials in prisoners (sic) possession." *Reply* p. 2-3 (Docket No. 7).  He also states that Mr. Hawkes has never provided the materials to him or any other inmates, that they have witnessed Mr. Hawkes seize and dispose of legal materials during regular room searches, and the facility has an unspoken policy of harassing any inmate seeking access to the courts. *Id.* at 3.

The Court is faced with obviously diametrically opposed affidavits.  The Court would ordinarily hold an evidentiary hearing to resolve this factual dispute. The Court finds Defendant's assertions strain credulity for a number of reasons. However, in the interest of judicial economy, the Court will assume that Defendant's allegations are true and dispose of the Motion on the merits.

## BACKGROUND

Defendant pled guilty to one count of possession with intent to distribute methamphetamine pursuant to a plea agreement in return for the Government's agreement to dismiss a charge of possession of a firearm by a prohibited person. The Government further agreed to a reduction in offense level for acceptance of responsibility, to a recommendation that Defendant receive a downward departure pursuant to § 5K1.1 for substantial assistance, and to move for relief from the 10-year mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e).  Prior to the Government's motions, Defendant's guideline range was 151 to 188 months.

**Memorandum Decision and Order - 3**

On May 26, 2004, Defendant was sentenced by this Court to a term of imprisonment of 104 months. *Judgment* (Docket No. 59 in Case No. CR-03-19-E-BLW). Defendant did not appeal his sentence or conviction.

## STANDARDS OF LAW

### A.      § 2255 Motion

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." The Court may dismiss the § 2255 Motion at other stages of the proceeding such as

**Memorandum Decision and Order - 4**

pursuant to a motion by the Government, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). Also, a hearing need not be held if the allegations are "palpably incredible or patently frivolous." *Blackledge v. Allison,* 431 U.S. 63, 67 (1977).

### B.    Ineffective Assistance of Counsel

To prove a violation of the Sixth Amendment's requirement of effective assistance of counsel, a defendant generally must establish that (1) counsel's representation fell below an objective standard of reasonableness, and (2) but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is a strong presumption that counsel's performance fell within a

**Memorandum Decision and Order - 5**

wide range of reasonable assistance, and judicial scrutiny of that performance must be "highly deferential." *Id*. at 690.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). The Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697.

The *Strickland* test was later extended to ineffective assistance of counsel claims in the context of plea negotiations. *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). In order to meet the prejudice prong in such cases, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

## DISCUSSION

As stated above, Defendant raised a *Booker* claim in his § 2255 Motion. He also alleged ineffective assistance of counsel at the plea negotiation and sentencing phases, improper delegation of certain duties to the Bureau of Prisons and the Probation Department, and deprivation of his right to allocution. The Court will

address each of the allegations in turn.

### A.   *Booker* Claim

Defendant contends that the Court erred in enhancing his sentence based on facts contested by him and not found by a jury or admitted by him contrary to *United States v. Booker,* 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004).  As stated in its prior Order, even if the Court were to determine that Defendant could proceed with his § 2255 Motion, his *Booker* claim is dismissible. Defendant's conviction became final on June 5, 2004, prior to the publication of the  *Blakely* and *Booker* decisions.[1]  The Ninth Circuit joined several other circuits in holding that *Booker* "does not apply retroactively to convictions that became final prior to its publication."  *United States v. Cruz*, 423 F.3d 1119, 1119-20 (9th Cir. 2005) (citations omitted).  *See also Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (concluding that *Blakely* does not apply retroactively to cases on § 2254 collateral review).

### B.   Ineffective Assistance of Counsel at During Plea Negotiations

Defendant alleges that his attorney failed to properly manage his attempts to cooperate with the Government and as a result lost the ability to negotiate a lower sentence.  Furthermore, he alleges that counsel did not present his "proffer of

---

[1] *Blakely* was decided on June 24, 2004, and *Booker* was decided on January 12, 2005.

**Memorandum Decision and Order - 7**

evidence" to the Government.  He contends that otherwise "there is an absolute
certainty" that the sentence "would have been significantly different."  § 2255
Motion, 8-9.  Applying the *Strickland* and *Hill* standards, Defendant's claim must
fail.  Defendant's allegations are directly rebutted by the record.

Defendant was initially represented by Thomas Monaghan from the time of
arraignment, February 13, 2003 until September 3, 2003 when Monaghan was
granted leave to withdraw due to an actual conflict of interest.  (Docket Nos. 30
and 31).  During that time, he filed a Motion to Suppress (Docket No. 12), which
was denied by the Court.  Order (Docket No. 25).  Defendant was thereafter
represented by Scott Hansen until February 6, 2004.  During that time, Defendant
entered into a Plea Agreement with the Government and entered his plea.  (Docket
Nos. 37 and 38).

On February 4, 2004, Mr. Hansen filed a Motion to Withdraw at
Defendant's request.  (Docket No. 45).  According to the supporting affidavit,
Defendant had been debriefed by the Government and plea negotiations were being
conducted between Mr. Monaghan and the Government which were terminated
after Defendant's Motion to Suppress was denied.  *Aff.* ¶¶ 2-3 (Docket No. 46).
During Mr. Hansen's representation, Defendant was debriefed several more times
in anticipation of a substantial assistance departure.  *Id.* ¶ 4 Once the presentence

**Memorandum Decision and Order - 8**

report was prepared, however, significant disagreement developed between Defendant and the Government regarding the drug quantity.  *Id.* ¶ 5.

Defendant did not identify whether he was asserting his ineffective assistance of counsel claims against one or both attorneys.  However, it is apparent from the record that under each attorney's representation Defendant met with the Government on several occasions in an attempt cooperate and work out a plea agreement.  Defendant does not allege what other information or evidence should have been proffered to the Government.  He merely claims that there is an "absolute certainty" that his sentence would have been "significantly different" if certain unidentified evidence had been proffered.  Such a claim is purely speculative.  Most notably, however, Defendant fails to allege that but for counsel's failure to proffer the unspecified evidence, he would not have pled guilty and would have insisted on going to trial.  Accordingly, Defendant has failed to meet either prong of the *Strickland* test for ineffective assistance of counsel.

### C.    Ineffective Assistance of Counsel at Sentencing

The record reflects that Defendant was represented by Mr. Jay Kohler from February 6, 2004 through the date of sentencing, May 26, 2004.  The record further reflects that the sentencing hearing commenced on May 25, 2004 and was concluded on May 26, 2004.

**Memorandum Decision and Order - 9**

Defendant's allegations address the May 26 hearing only.  He alleges that defense counsel was late for the sentencing, unprepared, and appeared to be confused.  He further alleges that the sentencing hearing was brief and that he was not provided with an opportunity to personally address the court and present mitigating information.  He alleges that the Court merely adopted the findings of the presentence report, added "a two (2) level enhancement for an incremental increase to the defendants base offense level and imposed a one hundred four (104) month sentence upon the defendant, and the hearing was concluded."  Finally, he alleges that counsel failed to object to a 2-level increase for "an alleged drug amount increase."

Again, Defendant's claim must fail as it is directly rebutted by the record.  The sentencing hearing was not brief.  A review of the Minutes indicates that the hearing on May 25 lasted approximately one-half hour and the hearing on May 26 lasted approximately one hour and a quarter.  (Docket Nos. 57 and 58).

In order to place Defendant's allegations in context, the Court reviewed the unofficial transcript of the May 25 hearing and listened to the recording of the May 26 hearing.  There is no indication that defense counsel was unprepared and confused on either day of the hearing.  Furthermore, the Court did not simply accept the findings of the presentence report.  Rather, the parties agreed to the drug

quantity at the beginning of the May 26 hearing, and the Government and defense

counsel each presented witnesses and argument on the 2-level gun enhancement

proposed in the presentence report.  The Court ultimately ruled in Defendant's

favor concluding that there was insufficient evidence to support the enhancement.

Finally, the Government moved for, and the Court granted, a 3-level downward

departure for substantial assistance.  Not only does the record directly rebut any

suggestion of deficient performance, but Defendant has failed to allege how he was

prejudiced by counsel's performance at sentencing.

Defendant also alleges that he was denied his right of allocution in that he

was not provided with the opportunity to personally address the Court and present

mitigating information.  He asserts that his attorney repeatedly told him to "keep

quiet and not say anything."  *§ 2255 Motion*, p. 5.

The Federal Rules of Criminal Procedure provide that at sentencing, the

court must "address the defendant personally in order to permit the defendant to

speak or present any information to mitigate the sentence."  Fed. R. Crim. P.

32(i)(4)(A)(ii).  Furthermore, the court must give the defendant the opportunity to

present all available mitigating information and seriously consider that

information.  *United States v. Gunning*, 401 F.3d 1145, 1147 (9th Cir. 2005)

(quoting *United States v. Mack*, 200 F.3d 653, 657 (9th Cir. 2000)).

**Memorandum Decision and Order - 11**

In thoroughly reviewing the Supreme Court case law on a defendant's right to allocution, the Third Circuit observed that denial of that right cannot form the basis of a habeas action absent aggravating circumstances. *See United States v. Adams*, 252 F.3d 276, 280-81 (3rd Cir. 2001) (citing *Hill v. United States*, 368 U.S. 424 (1962)). The denial of the right of allocution is not jurisdictional or constitutional. *Id.* As the Supreme Court stated,

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect that inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."

*Hill*, 368 U.S. at 428.

It is clear from the recording of the May 26 hearing that the Court directly addressed Defendant and asked him if he wished to address the Court. Defendant very distinctly and without hesitation said he did not. Clearly, Defendant was afforded his right of allocution by the Court in that he was addressed personally by the Court and offered the opportunity to speak. However, even if this right had been denied by the Court, he could not collaterally attack his sentence on that

**Memorandum Decision and Order - 12**

basis.   This is so even in the unlikely event that his attorney had told him not to speak.  There appears to be little difference between the *Hill* scenario of a court denying a right of allocution where a defendant is represented by counsel and defense counsel telling a defendant not to exercise his right of allocution.  In both cases, defense counsel is present and presumably looking after defendant's interests.  Even if Defendant could circumvent *Hill* by alleging ineffective assistance of counsel, he has not alleged what mitigating information he would have presented to the Court.  Furthermore, even if he had presented some mitigating information, it is pure speculation that it would have affected his sentence.  Defendant has failed to meet the *Strickland* prejudice prong.

Defendant's allegations of ineffective assistance of counsel at sentencing are frivolous and totally rebutted by the record.  Accordingly, they shall be dismissed.


**D.     Improper Delegation of Scheduling and Collecting Duties**

Defendant relies on *United States v. Gunning*, 339 F. 948 (9th Cir. 2003) (*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*) in support of his contention that the Court improperly delegated its responsibility for setting a payment schedule for the fine and special assessment

imposed by the Judgment.[2]

Gunning I and Gunning II held that the Court cannot delegate its responsibility for making a schedule for restitution under the Mandatory Victims Restitution Act (MVRA) to either the Probation Officer or the Bureau of Prisons, respectively.  Gunning I and II were limited to restitution which is not at issue here.  The Court in Gunning II specifically distinguished delegation of scheduling restitution payments from delegation of scheduling fine payments.  Gunning II, 401 F.3d at 1150 (citing Montano-Figueroa v. Crabtree, 162 F.3d 548 (9th Cir. 1998) (per curiam) (holding delegation to BOP proper where Court set fine amount to be due immediately with no provision for scheduling)).

Furthermore, a § 2255 proceeding is not the proper forum for challenging a fine.  See United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003).   Defendant is not challenging the sentence of imprisonment but merely the terms of the payment of the fine.  Accordingly, Defendant's claim of improper delegation of scheduling duties to the Bureau of Prisons and Probation Officer is dismissed.

---

[2]  The Judgment imposed a special assessment of $100 and a fine of $1,000.

**Memorandum Decision and Order - 14**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-05-290-E-BLW) is DISMISSED with Prejudice.

DATED: **March 31, 2006**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 15**